IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **JANUSY ALI,**<br><br>*Plaintiff*,<br><br>v.<br><br>**PROSPECT AIRPORT SERVICES, INC.,**<br><br>*Defendant*. | **CASE NO.: 3:24-CV-766** |

## COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Janusy Ali ("Ali"), and complaining of the Defendant, Prospect Airport Services, Inc. ("Prospect"), alleges the following to be true:

### INTRODUCTION

1  This action arises from Prospect subjecting Ali to a hostile work environment based on race and terminating Ali based on race and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981.

2  Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

### PARTIES, JURISDICTION, AND VENUE

3  Ali is a resident of Mecklenburg County, North Carolina, and is neither a minor nor incompetent.

4	Prospect is a foreign corporation with offices in Mecklenburg County, North Carolina, and a registered agent in Raleigh, North Carolina.

5	This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

    5.1	28 U.S.C. § 1331, as the action arises out of 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981.

6	This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    6.1	Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    6.2	N.C. Gen. Stat. § 1-75.4(1)(d), as Prospect was engaged in substantial business activity within this state at the time service of process was made upon it;

    6.3	N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Ali's person or property.

7	Venue is proper in this Court pursuant to any/all of the following:

    7.1	28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Western District of North Carolina;

7.2     28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Western District of North Carolina.

## STATEMENT OF THE FACTS

8      Ali is a black male.

9      On January 2, 2024, Ali began working for Prospect at Charlotte Douglas Airport.

10     Ali was hired as a dispatcher, but because of issues getting his security badge processed, he was reassigned to a passenger assistant position.

11     The passenger assistant position involved picking up passengers with mobility issues, such as those who needed wheelchairs, and helping them get around the airport.

12     Shortly after Ali began, Manager Abigail Cummings ("Cummings") (white) stopped Ali because he did not have a tablet computer. Ali told Cummings he did not have one yet because he was new. Cummings yelled at Ali and very aggressively told him he needed to go get one.

13     This was Ali and Cummings's first interaction, and Ali was taken aback by how unprovokedly hostile Cummings was.

14     Subsequently, every time Cummings saw Ali, she would go out of her way to say something negative to him, such as questioning what he was doing even when he was doing as instructed by other managers, always using the same hostile tone.

15     Ali complained multiple times to other managers about Cummings's aggressive behavior, but the managers brushed off his complaints.

16      At the beginning of February, Manager Solomon (last name unknown) (black) told Ali to take a passenger to baggage claim, then help him get to his shuttle bus.

17      Ali was not supposed to leave the TSA-secured area of the airport at that time, but he did as Manager Solomon instructed.

18      When Ali returned to dispatch after completing his assignment, another manager, Erica (last name unknown) (black) told him he was not supposed to leave the TSA-secured area and wrote him up for it.

19      Manager Erica called Cummings to witness the write-up, but Ali objected because of her behavior towards him and his complaints about her.

20      Neither Manager Erica nor Cummings would listen to Ali explain that Manager Solomon had instructed him to take the passenger outside the TSA-secured area.

21      Ali left Prospect's offices and headed towards the terminal exit, but Cummings followed him.

22      Cummings then began shouting "nigger" at Ali 3-4 times.

23      Ali went back to the Prospect offices and complained to Managers Stanley (last name unknown) (black) and Chevette (last name unknown) (black) that Cummings had called him a nigger.

24      Neither Manager seemed to care.

25      When Ali returned for his next shift on February 8, 2023, Manager Chevette told Ali he could not clock in and to wait in the terminal.

26      Cummings came to get Ali after a short while and brought him to Manager Chavon (last name unknown) (black), where Cummings and Manager Chavon terminated him.

27	Prospect has 501 or more employees.

28	Ali filed an EEOC charge on May 2, 2023, alleging race discrimination and retaliation, and received a notice of right to sue from the EEOC on May 30, 2024.

## FIRST CAUSE OF ACTION
### Race Discrimination
*The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

29	Ali is black, a member of a protected class.

30	Ali suffered an adverse employment action: termination.

31	At the time of his termination, Ali was performing at a level that met his employer's legitimate expectations.

32	The adverse employment action occurred under circumstances that raise a reasonable inference of unlawful discrimination.

## SECOND CAUSE OF ACTION
### Race Discrimination
*42 U.S.C. § 1981*

33	Ali is black, a member of a protected class.

34	Ali suffered an adverse employment action: termination.

35	At the time of his termination, Ali was performing at a level that met his employer's legitimate expectations.

36	The adverse employment action occurred under circumstances that raise a reasonable inference that Ali's race was the but-for cause of his termination.

## THIRD CAUSE OF ACTION
### Hostile Work Environment
*The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

37	Cummings subjected Ali to unwelcome conduct.

38      Cummings's conduct was based on Ali's protected class (black).

39      Cummings's conduct was sufficiently severe or pervasive to alter Ali's conditions of employment and to create an abusive work environment.

40      Cummings's conduct is imputable to Defendant because she is a supervisor.

## FOUTH CAUSE OF ACTION
### Hostile Work Environment
*42 U.S.C. §1981*

41      Cummings subjected Ali to unwelcome conduct.

42      Cummings's conduct was based on Ali's protected class (black).

43      Cummings's conduct was sufficiently severe or pervasive to alter Ali's conditions of employment and to create an abusive work environment.

44      Cummings's conduct is imputable to Defendant because she is a supervisor.

## FIFTH CAUSE OF ACTION
### Retaliation
*The Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.*

45      Ali engaged in a protected activity by complaining about Cummings's use of a racial slur.

46      Ali suffered an adverse employment action: termination.

47      There is a causal connection between Ali's protected activity and his termination.

## SIXTH CAUSE OF ACTION
### Retaliation
*42 U.S.C. §1981*

48      Ali engaged in a protected activity by complaining about Cummings's use of a racial slur.

49      Ali suffered an adverse employment action: termination.

50      There is a causal connection between Ali's protected activity and his termination.

## PRAYER FOR PUNITIVE DAMAGES

51      Defendant is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

    51.1    Malice;

    51.2    An evil motive; and/or

    51.3    Callous indifference to a federally protected right.

52      Officers, directors, and/or managers of Defendant participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## REQUEST FOR JURY TRIAL

53      Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

    1    Enter Judgment for Ali against Defendant on all causes of action contained herein;

    2    Award Ali damages, including punitive damages, in an amount to be determined at trial;

    3    Tax the costs of this action against Defendant and award Ali reasonable attorney fees as permitted by law, and;

    4    Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 23rd day of August 2024,*

/s/ **WILSON FONG**
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

>Prospect Airport Services, Inc.
>c/o Corporation Service Company
>2626 Glenwood Avenue, Suite 550
>Raleigh, NC 27608
>*Defendant*

>**/s/ WILSON FONG**
>*Attorney for the Plaintiff*
>NC State Bar No. 50708
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>will.fong@hensellaw.com